# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

September 2, 2009

**Appearances:**

Arthur Edmonds
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Andrew Kogan
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Re:   United States v. Arthur Edmonds; Crim. No. 03-258 (WHW)
      Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

Dear Mr. Edmonds:

On August 5, 2003, this Court sentenced you to 327 months imprisonment for distribution of, and possession with intent to distribute, more than 50 grams of crack-cocaine in violation of 21 U.S.C. § 841(a), (b)(1)(A). Under the United States Sentencing Commission Guidelines ("the Guidelines") in effect at the time of your sentencing, the base offense level for your offense, as determined by § 2D1.1 of the Guidelines, was 32. United States Sentencing Commission, 2002 Guidelines Manual § 2D1.1 (2002) [hereinafter "2002 Guidelines"].

However, because of your status as a career offender, the base offense level for your offense and your criminal history category were determined by § 4B1.1 of the Guidelines, which provided that your base offense level was 37 and your Criminal History Category was VI.  2002 Guidelines § 4B1.1; 21 U.S.C. § 841(b)(1)(A).  Because of your acceptance of responsibility, the Court lowered the offense level to 34.  At that time, the sentencing range for a level 34 offense and a Category VI criminal history was 262-327 months imprisonment.  2002 Guidelines: Sentencing Table.  The Court sentenced you to 327 months imprisonment.

Under 18 U.S.C. § 3582, a defendant who was sentenced to a term of imprisonment based on a sentencing range that was later reduced by the Sentencing Commission may have his or her term of imprisonment reduced in accordance with applicable guidelines issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Under Amendment 706 of the Guidelines, effective November 1, 2007, the offense levels, and therefore the sentencing ranges, for crack-cocaine offenses were reduced by two levels.  United States Sentencing Commission, 2008 Guidelines Manual: Supplement to Appendix C: Amendment 706 (2008) [hereinafter "2008 Guidelines"]..  However, Amendment 706 only affected the offense levels listed in § 2D1.1.  2008 Guidelines: Supplement to Appendix C: Amendment 706.

Under § 1B1.1 of the Sentencing Guidelines, which addresses the applicability of Amendment 706, a court may reduce a defendant's term of imprisonment based on retroactive application of amendments.  2008 Guidelines: § 1B1.10.  However, a court may not reduce a defendant's sentence if the amendment in question does not have the effect of lowering the defendant's applicable sentencing range.  2008 Guidelines: § 1B1.10

Because of your status as a career offender, your base offense level, criminal history category, and applicable sentencing range were determined by § 4B1.1.  Because Amendment 706 only affects sentencing ranges determined by § 2D1.1, it has no effect on your applicable sentencing range.  Thus, according to § 1B1.1 of the Guidelines, you are not eligible for a reduction in sentence based on the crack-cocaine amendments to the Sentencing Guidelines.  See United States v. Mateo, 560 F.3d 152 (3d Cir. 2009).

**CONCLUSION**

It is on this 2nd day of September, 2009,
ORDERED that Arthur Edmond's Motion for Reduction of Sentence is DENIED.

s/William H. Walls
United States District Judge